**INTERNATIONAL LONGSHORE & WAREHOUSE UNION and International Longshore & Warehouse Union, Local 8, Petitioners**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**ICTSI Oregon, Inc., Intervenor**

**No. 15-1443**
**Consolidated with 16-1036**
**September Term, 2017**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: November 6, 2017

Amy Endo, Esquire, Emily Maglio, Attorney, Eleanor I. Morton, Esquire, Attorney, Robert Steven Remar, Esquire, Attorney, Leonard Carder, LLP, San Francisco, CA, for Petitioners

Julie B. Broido, Supervisory Attorney, Linda Dreeben, Deputy Associate General Counsel, Greg Paul Lauro, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent National Labor Relations Board

Michael T. Garone, Schwabe, Williamson and Wyatt, Bend, OR, Peter J. Hurtgen, Attorney, Curley, Hurtgen & Johnsrud LLP, New York, NY, for Intervenor for Respondent

Jason T. Morgan, Attorney, Stoel Rives LLP, Seattle, WA, for Amicus Curiae for Respondent Port of Portland

Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, for Petitioner

Robert Steven Remar, Esquire, Attorney, Leonard Carder, LLP, San Francisco, CA, for Respondents International Longshore & Warehouse Union, International Longshore & Warehouse Union

Before: Griffith and Kavanaugh, Circuit Judges, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

These cases were considered on the record from the National Labor Relations Board and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted for the reasons stated below.

The International Longshore & Warehouse Labor Union et al. ("ILWU") petition for review of the National Labor Relations Board's ("NLRB," or the "Board") decisions (1) affirming the Administrative Law Judge's ("ALJ") determination that ILWU lacked a lawful work preservation objective, (2) denying ILWU's motion to consolidate this case with the first case on this issue, (3) affirming the ALJ's finding that ILWU induced or encouraged a deliberate work slowdown from September 2012 to June 2013 with the object of pressuring ICTSI and the Carriers to assign dockside reefer work to ILWU-represented longshoremen, and (4) denying ILWU's motion to reopen the record. The NLRB cross-applies for enforcement of its decision and order.

Our review of unfair labor practice determinations by the Board is "quite narrow." *Traction Wholesale Ctr. Co. v. NLRB*, 216 F.3d 92, 99 (D.C. Cir. 2000). We set aside orders of the NLRB only if the Board lacks a reasonable basis in law, fails to apply the proper legal standard, departs from precedent without reasoned justification, or its factual determinations lack substantial evidence. *See Titanium Metals Corp. v. NLRB*, 392 F.3d 439, 445-46 (D.C. Cir. 2004); *see also Sutter E. Bay Hosps. v. NLRB*, 687 F.3d 424, 437 (D.C. Cir. 2012). Under this standard, the Board's findings are "conclusive" if supported by substantial evidence on the record as a whole. 29 U.S.C. § 160(e); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Most of petitioners' arguments for review seek to have us redetermine factual questions and the conclusive determination made by the Board. Upon review of the record and the arguments of counsel, we conclude that the Board's decisions survive the standard of review. Furthermore, the Board's conclusions of law are all reasonable and must be upheld. *See Chevron, U.S.A. Inc. v. NRDC*, 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). For these reasons, ILWU's petition is denied and the Board's cross-application for enforcement is granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.